### CHARLES LANSING

*v.*

### THE PEOPLE OF THE STATE OF ILLINOIS.

POLICE OFFICER *in Chicago—falsely assuming so to be.* Upon the trial of a party charged in the indictment with a violation of a section of the charter of the city of Chicago, in representing himself to be a member of the police force of said city, with a fraudulent design, it appeared the defendant was deputized by a justice of the peace to serve a *capias*, and upon arresting the party against whom the writ was issued, in answer to her demand for his authority replied, "I am a police officer": *Held*, under the circumstances, the writ being issued and executed in the city, the jury were justified in the inference that the answer was designed and understood to be a representation that he was a police officer "of the city of Chicago."

WRIT OF ERROR to the Recorder's Court of the City of Chicago; the Hon. EVERT VAN BUREN, Judge, presiding.

16—57TH ILL.

Messrs. CHASE & FELKER, for the plaintiff in error.

Mr. ROBERT G. INGERSOLL, Attorney General, for the people.

MR. JUSTICE THORNTON delivered the opinion of the Court :

The plaintiff in error was indicted for the violation of a section of the charter of the city of Chicago, in representing himself to be a member of the police force of the city, with a fraudulent design.

According to the evidence, he was deputized, by a justice of the peace, to serve a *capias*; and, in company with the person at whose instance the *capias* was issued, arrested Elvira Wheelock, in a car at the North Western Depot, in the city of Chicago.. She inquired what she must do, and he replied, that she must settle there, or go to the court house and settle or go to jail, and demanded six dollars and the costs. As the train was about to start she paid the money, and took a receipt. She testified positively that both before and after the payment, he said he was a police officer. The *capias* was introduced in evidence, and the following endorsement was upon it :

"Demand, $2.00 ; costs $1.15. Settled by the parties.

CHARLES LANSING."

Plaintiff in error insists, that he made no representation, as charged in the indictment ; that Elvira Wheelock was impeached, and was unworthy of credit ; and that no fraudulent design was disclosed by the evidence. .

The position is rather frivolous, that the defendant in the indictment should not have been found guilty, because, when he said he was a police officer, he omitted to add the words, " of the city of Chicago." When we consider the act and place, in connection with the language, there can be no doubt as to the character of the representation. The writ was issued and executed in the city of Chicago ; and .when the authority for the arrest was demanded, the reply was, " I am a police officer." This was unquestionably designed and understood to

be a representation, that the plaintiff in error was a police officer of the city of Chicago. The jury were fully justified in such a conclusion. It was a necessary inference from all the circumstances.

We do not think that Elvira Wheelock was materially contradicted. Her testimony is positive and affirmative, that she heard the constable say he was a police officer. The witnesses called to contradict her merely state, that he did not make such representation in their hearing. The conversation was directed to her, and as she was deeply interested, it is most reasonable that she would hear distinctly, and recollect accurately, all that was said, upon the occasion of her arrest in a public car.

There is abundant evidence of the fraudulent design. As a special constable, the plaintiff in error was authorized to collect a trifle over three dollars. He represents himself as a police officer, and demands six dollars, and threatens her with the jail, as the alternative. Here was deceit and artifice to obtain a few dollars. It was a base and unmanly purpose, to extort money from an unprotected woman.

There is no error in the instructions. It was admitted on the trial, that plaintiff in error was not, in fact, a police officer; and we think the instructions, given and modified, declare the law correctly. The refused instruction had no evidence upon which to base it, and would have misled the jury. The evidence objected to was the ligitimate continuation of evidence, first elicited by plaintiff in error.

The judgment is affirmed.

*Judgment affirmed.*